Wilfred Abel and Lillian Abel v. Commissioner.
Abel v. Commissioner
Docket No. 86494.
United States Tax Court
T.C. Memo 1962-192; 1962 Tax Ct. Memo LEXIS 117; 21 T.C.M. (CCH) 1044; T.C.M. (RIA) 62192; August 13, 1962
*117 Taxpayers, in a joint return, took the husband's father and stepmother as dependents. They had contributed $850 for their joint support but the father had received $720 from Social Security. Respondent disallowed the father as a dependent. Held, contribution of over half of the amount available for the support of the father and stepmother was sufficient to make them both petitioners' dependents. Lee A. Kamp, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1957 in the amount of $132. The sole issue is whether petitioners are entitled to a dependency exemption for Isaac Abel, father of Wilfred Abel, for the year 1957. All of the facts are stipulated and are so found. Petitioners are husband and wife, who *118 reside in New York, New York, and they filed their joint 1957 Federal income tax return with the district director of internal revenue, Upper Manhattan District, New York, New York. In this return they claimed Wilfred's father and stepmother as dependency exemptions. It is stipulated petitioners provided financial support to the father and stepmother in the year 1957 in the total amount of $850. During said year the father received Old Age Benefits from the Social Security Administration of $60 a month, or a total of $720. The father and stepmother did not receive payments from any other governmental or private welfare agency for the year 1957. Respondent disallowed the dependency exemption for the father on the ground that taxpayers did not furnish over half of his support because the Social Security payments were allocable to his support alone. Respondent admits the dependency exemption for the stepmother was proper. Section 152, Internal Revenue Code of 1954, states that "the term 'dependent' means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer *119 (or is treated under subsection (c) as received from the taxpayer): * * * The father or mother of the taxpayer * * * (5) * * * stepmother of the taxpayer." * * * Respondent's computation starts with the total amount of the support for both as $1,570 ( $720 Social Security payments to the father, plus $850 contributed by petitioners). Respondent allocates one-half of this sum to each. In this manner, respondent arrives at $785 being the total amount expended for the support of each. Respondent allocates $785 of the contributed sum of $850 to the stepmother and says she is a dependent and the balance, or $65, together with all of the Social Security payments ( $720), are allocated to the father and it is held he is not a dependent. When the dependency of Wilfred's parents is questioned and it is stipulated he provided financial support for both of them in an amount that is more than half of the amount that was available for the support of both during said year, we feel the taxpayer has established both as his dependents. [1] In such a situation the issue of dependency should not turn on whether one or both parents received the less than half available portion from some outside source. *120 We feel that for the purposes of the dependency credit statutes, the parents can be treated as a unit. Respondent's computation so treats them by admitting the taxpayer does not have to bear the impossible burden of showing the total annual expenditures for the support of each parent. This, respondent admits, can be found by allocating half of the amount available for the support of both, to each parent. We think the same fund, out of which the expenses of both were paid, should receive the same allocation. Since petitioners contributed more than half of that fund, both parents were dependents. Decision will be entered for the petitioners. Footnotes
1. We so held in a Memorandum Opinion (Carl G. Jordan, filed August 12, 1958) which respondent argues was wrongly decided.↩